IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| CHAD F. WOLF, Acting Secretary | ) | JURY TRIAL DEMANDED |
| UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Martin Garcia ("Plaintiff"), through his attorneys, complains against Defendant Chad F. Wolf, Acting Secretary United States Homeland Security ("Defendant"), as follows:

**PARTIES**

1. Plaintiff Martin Garcia is a resident and citizen of the city of Stickney in Cook County, Illinois; and Defendant's records of Plaintiff's employment reflect Plaintiff's residency and citizenship. Plaintiff is a Mexican American male and during all relevant times is and has been an employee of Defendant United States Department of Homeland Security.

2. Defendant Chad F. Wolf at all times material herein is/was the Acting Secretary, Department of Homeland Security, and is responsible for overseeing the United States Department of Homeland Security ("DHS"). DHS is a Department of the Executive Branch of the United States Government and is an agency within the meaning of 5 U.S.C. § 55 1. DHS and its component agencies, including but not limited to, The Federal Air Marshall Service ("FAMS") are responsible for, *inter alia,* administering DHS facilities and staff including the Chicago Field Office of FAMS.

3. At all times, Defendant was an employer within the meaning of the applicable

1

statutes.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5 insofar as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U. S.C. § 2000e *et seq.*

5. This District is the proper venue of this matter pursuant to 28 U.S.C. § 1391. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law.

6. Plaintiff has complied with all statutory prerequisites to filing this action. Plaintiff received the Final Agency Decision on or about October 28, 2020 and has filed this action within 90 days of that date See ***attachment #1*** Final Agency Decision ("FAD").

7. The amount in controversy is in excess of $75,000.

## NATURE OF CLAIMS

8. This is an action for equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices and retaliation against Plaintiff because of his race/color and nationality and because of his complaints about such unlawful discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

9. Defendant is vicariously liable for the unlawful discriminatory employment actions of its employees, representatives, and agents.

**FACTUAL ALLEGATIONS**

10. Plaintiff was hired by FAMS on or about October 25, 2010 as a Federal Air Marshall.

11. Plaintiff has always been rated satisfactory or above on all of his annual job performance evaluations.

12. Plaintiff is currently employed by Defendant at FAMS' Chicago Field Office location.

13. FAMS has a history of *creating, fostering* and *maintaining* and *tolerating* a *"Custom" "Policy", "Practice"* and *"Culture"* of *"Discrimination"* and *"Retaliation"* against its Air Marshals that belong to protected classes (see **attachment #2**, *relevant portion of the 2012 Report* by the Department of Homeland Security Office of Inspector General, **"Allegations of Misconduct and Illegal Discrimination and Retaliation in the Federal Air Marshall Service").** Defendant's unlawful discriminatory employment customs, policies, practices and culture of tolerance of same constituted a moving force in the violations of the constitutional and statutory rights afforded Plaintiff and the same continues today.

14. Plaintiff has been and continues to be victimized by FAMS' "Custom" "Policy", "Practice" and "Culture of tolerance" of unlawful *"Discrimination"* and *"Retaliation"* against Federal Air Marshalls that belong to protected classes.

15. Defendant maintains said unlawful discriminatory employment customs, policies, practices and tolerance of same in part by failing to provide training and or providing inadequate anti-discrimination/diversity training for its personnel.

16. Defendant also maintains said unlawful discriminatory employment customs, policies, practices and culture of tolerance of same, including retaliation by not taking action at all

3

and or taking actions that are not adequate and or untimely but required in order to enforce its rules and or policies prohibiting unlawful discriminatory employment practices.

17. On or about October 27, 2018, Plaintiff was in attendance at a pre-mission briefing and equipment check meeting along with three similarly situated co-workers. Plaintiff's three similarly situated co-workers in attendance at said meeting were Asian, African American and White. Supervisory Federal Air Marshall Gene Schneider ("SFAM"), a White Male, was in charge and conducted said meeting.

18. During said meeting SFAM began and continued to hurl racial slurs, demeaning, degrading, condescending, insulting and injurious racial epithets at Plaintiff. SFAM made said statements in the presence of Plaintiff's aforementioned three similarly situated co-workers. Said statements and questions verbalized by SFAM included but are not limited to: **1)** Asking Plaintiff where he was from because of Plaintiff's Mexican accent. **2)** Stated to Plaintiff that his accent was more like a "Hey Vato" which is an insulting and degrading reference to Mexicans (Mexican Gangs). **3)** SFAM went on to mock, mimic and make fun of Plaintiff's Mexican accent. **4)** Stating to Plaintiff that his Mexican accent sounded like a character from a movie, "**Cheech and Chong**". **5)** Stating that in said movie the person with that accent was "**Deporte**". **6)** SFAM prefaced his comments with statements such as "*__I don't mean to sound racist__*" and *"No offense"*. **7)** SFAM stated to Plaintiff that "I can't believe you are from here with that East L. A. accent".

19. In a matter of hours after said incident Plaintiff was to begin his International assignment which would last for several days. Plaintiff was so **mortified** and **humiliated** by experiencing the above described *"Racially Hostile Environment",* created by SFAM, that his mental and emotional fitness for said mission was compromised and so the security of our country and citizens.

20. Plaintiff's similarly situated co-workers provided written statements about said incident and all recounted the events the same in their statements as described hereinabove. Plaintiff's similarly situated co-workers all stated that they too were personally embarrassed and felt uncomfortable and in essence diminished as a result of the *"Racially Hostile"* environment that resulted from SFAM 's verbal conduct.

21. Prior to experiencing said racially hostile environment Plaintiff had never been self-conscious about his accent or how his co-workers perceived him. Now he is. Said experience has had a devastating negative impact on Plaintiff.

22. On October 30, 20 18, three (3) days after the incident, Plaintiff filed an EEOC Complaint against Defendant. Additionally, Plaintiff asked his co-workers to write a statement on what they witnessed at said above-described meeting with SFAM. Said statements are or should be part of the EEOC ROI.

23. Defendant in an attempt to intimidate and retaliate against Plaintiff for filing his EEOC Complaint, directed Plaintiff's Supervisor to ask Plaintiff to write a statement consisting of the subject of his EEOC Complaint and provide same to Defendant. Plaintiff refused to do so as same would constitute Defendant's interference with the EEOC's investigation of Plaintiff's EEOC Complaint. Plaintiff was intimidated and threatened by Defendant's request for said statement but not surprised as Defendant has a well-documented history of said *retaliatory* conduct toward its employees that engage in such protected activity (see attachment #2).

24. Defendant knew and or should have known about the above-described unlawful discriminatory conduct by SFAM for reasons including, but not limited to, the fact that said conduct was reported to Defendant. Although Defendant was aware of SFAM'S unlawful discriminatory conduct it took no action to address same. Defendant claims to have taken action

to address the matter more than ten (10) days after becoming aware of same.

25. Defendant did not take any action to address said unlawful discriminatory conduct. If any action was taken by Defendant to address said matter such actions were not adequate or timely. After said incident, Defendant allowed SFAM to continue to work in the same office space as Plaintiff against Plaintiff's will. Same was a constant source of intimidation and distraction for Plaintiff. Same constituted an unreasonable interference with Plaintiff's work.

26. No disciplinary action was taken against SFAM, if any, until March 2019, more than five (5) months after the incident. Not only was said alleged disciplinary action, if any, taken against SFAM, a White male, inadequate and untimely but upon information and belief SFAM was not required to and did not attend any anti-discrimination/diversity training to address his unlawful discriminatory conduct.

27. Plaintiff was singled out by SFAM, a White male, and subjected to said, *"Racially Hostile Environment"* and unlawful discriminatory treatment because of his race and or nationality *"Mexican American"*. Plaintiff's similarly situated *African American*, *Asian* and *White* co-workers were not subject to the same unlawful discriminatory treatment by SFAM as Plaintiff was.

### COUNT I
### RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e

28. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

29. Plaintiff is a member of a protected group under the Title VI I Civil Rights Act, 42 U.S.C.A. § 2000e, *et seq.,* on the basis of his race, African American.

30. Defendant violated the aforementioned statute by the following acts:

    a. Discriminating against Plaintiff with respect to his employment,

6

       compensation, or a term, condition or privilege of employment, because of his race including, but not limited to singling Plaintiff out for unlawful discriminatory and less favorable treatment than his similarly situated co-workers;

    b. Limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of his race;

    c. Segregating, classifying, or otherwise discriminating against Plaintiff on the basis of his race with respect to a term, condition or privilege of employment and/or

    d. Failing to provide a work environment free from race discrimination.

31. Defendant's actions are in violation of Title VII and were willful.

32. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered emotional injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

*a)* Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of Title VII and/or 42 U.S.C. § 2000e *et. seq.*

b) Award Plaintiff compensatory damages;

c) Award Plaintiff exemplary damages;

d) Award Plaintiff punitive damages;

e) Award Plaintiff liquidated damages;

f) Award Plaintiff reasonable attorney fees, costs and interest; and

g) Award such other relief as this Court deems just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U. S.C § 2000c-3(a)

33. Plaintiff herein reincorporates his allegations in paragraphs 1 through 27 as paragraph 33.

34. At all times relevant, there was in effect a certain federal statute, Title VII, which provides- *"It shall be an unlawful employment practice for an employer to discriminate against any of its employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.* **42 U.S.C. § 2000e-3(a).**

35. Defendant was aware or should have been aware of Title VII and that it is illegal to treat an employee differently and/or threaten, intimidate, punish and or harass Plaintiff for opposing Defendant's unlawful discriminatory conduct perpetrated against him on the basis of his race and or nationality.

36. Because Plaintiff filed an EEOC Complaint against Defendant, Plaintiff was subjected to adverse employment actions, including, but not limited to, threats, intimidation and interference with the investigation of his EEOC Complaint.

37. Defendant's conduct as set forth above is so harmful it would dissuade a reasonable worker from filing a discrimination complaint.

38. Defendant's actions as set forth above were willful, intentional, and/or made in reckless disregard of Plaintiff's rights.

39. Defendant's conduct as described above constitutes a willful violation of Title VII.

40. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including, but not limited to, mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation.

41. Defendant's conduct was with malice and recklessly indifferent to Plaintiff's federally protected rights, entitling him to punitive damages.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

*h)* Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of Title VII and/or 42 U.S.C. § 2000e *et. seq.*

i) Award Plaintiff compensatory damages;

j) Award Plaintiff exemplary damages;

k) Award Plaintiff punitive damages;

l) Award Plaintiff liquidated damages;

m) Award Plaintiff reasonable attorney fees, costs and interest; and

n) Award such other relief as this Court deems just and proper.

## COUNT III
## RACIAL/NATIONAL ORIGIN HARASSMENT HOSTLE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. § 2000e *et. seq.*

42. Plaintiff incorporates by reference herein paragraphs 1 through 27 as paragraph 42.

43. At all times relevant, there was in effect a Federal Statute, the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, which provides: It shall be an unlawful employment practice for an employer- (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual' race, color, religion, sex, or national origin;

or (2) to limit, segregate, or classify his employees or applicants for employments in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a).

44. Defendant was aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or harass, intimidate and or create a hostile work environment for an employee because of the employee's race and or nationality.

45. During Plaintiff's employment with Defendant, he was subject to acts of discrimination by Defendant's employees and supervisors as described hereinabove.

46. This illegal race/national origin discrimination created a hostile, abusive and offensive work environment for Plaintiff.

47. Defendant's actions as set forth above were willful, intentional and/or made in reckless disregard of Plaintiff's rights.

48. Defendant's conduct as described above constitutes a willful violation of Title VII.

49. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including but not limited to, mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

*o)* Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of Title VII and/or 42 U.S.C. § 2000e *et. seq.*

p) Award Plaintiff compensatory damages;

q) Award Plaintiff exemplary damages;

r) Award Plaintiff punitive damages;

s) Award Plaintiff liquidated damages;

t) Award Plaintiff reasonable attorney fees, costs and interest; and

u) Award such other relief as this Court deems just and proper.

                                                Respectfully submitted,

                                                Martin Garcia

                                                */s/ James X. Bormes*
                                                One of Plaintiff's Attorneys

| | |
|---|---|
| James X. Bormes | Leonard Mungo |
| Law Office of James X. Bormes, P.C. | The Mungo Law Firm, PLC |
| 8 South Michigan Avenue | 333 W. Fort Street |
| Suite 2600 | Suite 1500 |
| Chicago, Illinois 60603 | Detroit, MI 48226 |
| (312) 201-0575 | (313) 963-0407 |
| jxbormes@ bormeslaw.com | caseaction@mungoatlaw.com |
| *(Local Counsel)* | *(Lead Counsel)* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| MARTIN GARCIA | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| CHAD F. WOLF, Acting Secretary | ) | JURY TRIAL DEMANDED |
| UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY DEMAND

Now comes the Plaintiff, Martin Garcia, by and through his attorney, The Law Office of James X. Bormes, PC, and hereby demands a jury trial in this cause.


Dated: January 24, 2021                             Respectfully submitted,

                                                    Martin Garcia

                                                     */s/ James X. Bormes*
                                                    Attorney for Plaintiff

James X. Bormes                                     Leonard Mungo
Law Office of James X. Bormes, P.C.                 The Mungo Law Firm, PLC
8 South Michigan Avenue                             333 W. Fort Street
Suite 2600                                          Suite 1500
Chicago, Illinois 60603                             Detroit, MI 48226
(312) 201-0575                                      (313) 963-0407
jxbormes@ bormeslaw.com                             caseaction@mungoatlaw.com
*(Local Counsel)*                                   *(Lead Counsel)*